# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**KATHLEEN SISCO et al.**                                                      **PLAINTIFFS**

**v.**                                                           **CIVIL ACTION NO. 3:17-CV-74-TBR**

**TIMOTHY AUGUSTUS WARD et al.**                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion to remand this action to state court filed by Plaintiffs Kathleen and Wilbur R. Sisco (DN 6). Defendants Timothy Augustus and Carrie Ward have filed a response (DN 9). For the reasons that follow, the motion will be granted, and this matter will be remanded to state court.

According to the notice of removal, the genesis of the removed state-court action (Hardin District Court No. 16-C-1450) was an agreement by the Siscos to sell to the Wards certain property in Elizabethtown, Kentucky. As the Siscos point out, the Wards have removed a Hardin District Court Forcible Detainer action (16-C-1450), but most of the attachments to the removal notice involve a different state-court case (16-C-1574). The Siscos argue that no federal question is involved in the forcible detainer case within the meaning of the removal statute, 28 U.S.C. § 1441(a). The Siscos also point out that the Wards' attempt to tie this removal of the state-court forcible detainer action to a previously filed federal lawsuit in this Court (*Ward v. Sisco*, No. 3:17-CV-59-DJH) is inappropriate. The Court notes that the Wards' previously filed case, No. 3:17-CV-59-DJH, is no longer pending in this Court. It was dismissed for lack of subject-matter jurisdiction.

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The party seeking removal

carries the burden of demonstrating that the federal court has original subject matter jurisdiction over the complaint. *Brittingham v. Gen. Motors Corp.*, 526 F.3d 272, 277 (6th Cir. 2008). Because federal courts are courts of limited jurisdiction, removal jurisdiction must be strictly construed and any doubts resolved against removal. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007). "A state-court action may be removed to the federal court if it qualifies as a 'civil action . . . of which the district courts of the United States have original jurisdiction'[.]" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (internal citation omitted).

Here the subject matter of the removed case is a property dispute. "Property disputes are traditionally state law claims, the litigation of which does not depend on a resolution of a substantial question of federal law." *Hunter v. McCalla Raymer, PLLC*, No. 3:12-CV-1269, 2013 WL 4401841, at *4 (M.D. Tenn. Aug. 13, 2013), report and recommendation adopted, No. 3:12-CV-1269, 2013 WL 5331245 (M.D. Tenn. Sept. 23, 2013). "With no federal component to the state court complaint, this Court would not have original, federal question jurisdiction and removal . . . is improper." *Id*. Accordingly,

**IT IS ORDERED** that the motion to remand (DN 6) is **GRANTED**. A separate Order of Remand will be entered.

Date:

cc: Defendants, *pro se*
 Counsel of record
4413.009